IKE BELL v. THE STATE.

CRIMINAL LAW. *Severance and asportation. When larceny and when trespass.* Things savoring of the realty, by severance from the freehold, become personal property, and therefore the subject of larceny. When property is so severed by a thief, who leaves it on the ground, goes off, and after the lapse of an interval, returning, carries it away, the severance and asportation being two distinct acts, the offence is larceny. But where the severance and asportation constitute one continuous act, without cessation, until the one as well as the other

is completed, as where one "digs potatoes or cuts cabbages" from another's premises, and instantly removes them, it is trespass only.

Authorities cited: 3 Greenleaf on Ev., §163; 1 E. Hale P. C., 510; 2 East P. C., 587; 1 Arch. Cr. Pr., 378; 2 Arch. Cr. Pr. & Pl., 343, note 1.

## FROM MONTGOMERY.

Appeal from the Criminal Court. C. W. Tyler, Judge.

No brief appears for Bell.

Attorney-General Heiskell for State.

Deaderick, J., delivered the opinion of the Court.

The plaintiff in error was convicted at the November Term, 1874, of the Criminal Court of Montgomery County, of petit larceny, for stealing as charged, cabbage and sweet potatoes, the goods and chattels of G. B. White, the prosecutor, and sentenced to the penitentiary for one year.

It is insisted that the charge of the Judge was erroneous in its definition of the offence charged.

In the beginning of his charge the Judge gives a full and accurate definition of the offence, and correctly instructs the jury as to the difference between grand and petit larceny, and the punishment annexed to each.

It is true, in a subsequent part of his instructions, as introductory to the definition of "personal property," he says: "The jury will observe that larceny is the felonious taking away of personal property." He then

proceeds to state to the jury when vegetables, etc., growing in or upon the ground, may become "personal property," and the subject of larceny, and uses this language: "If defendant went at night into the garden of another, intending to steal, and dug a lot of sweet potatoes, laying them on the ground, or cut a lot of cabbage, severing them from the earth, and afterwards picked up the vegetables, put them in a bag, and carried them off, that would be larceny."

This latter part of the charge is not strictly accurate, according to the rule of the common law. In 3 Greenleaf on Ev., §163, it is said: "If the severance and asportation were one continued act of the prisoner, it is only a trespass; but if the severance were the "act of another person, or if, after the severance by the prisoner, any interval of time elapsed, after which he returned and took the article away, the severance and asportation being two distinct acts, it is larceny," citing 1 E. Hale P. C., 510; 2 East P. C., 587.

And in 1 Arch. Cr. Pr. & Pl., 378, it is said: "Things, though they savor of the realty, may become the subject of larceny by being severed from the freehold; thus, if stones be dug out of a quarry, wood be cut, fruit be gathered, larceny may be committed of them. And this will be the case, not only where they have been severed by the owner, but also by the thief himself, if there be an interval between his severing and taking them away, so that it cannot be considered as one continued act. If, therefore, the thief sever them at one time, whereby the trespass is com-

pleted, and they are converted into personal chattels, in the constructive possession of him upon whose soil they are left or laid, and come again at another time, when they are so turned into personalty, and take them away, it is larceny." "If a thief severs a copper, and instantly carries it off, it is no felony, yet, if he lets it remain after it is severed any time, and comes back and takes it, then the removal of it becomes a felony; and so of a tree that has been severed."

The principle is, that when the severance and asportation constitute one continuous act, then it is a trespass only, but if the severance is a distinct act, and not immediately connected with or followed by the asportation it is a larceny.

To dig potatoes, whereby they are cast upon the surface of the earth, and then immediately to pick them up, and put them in a bag, and carry them away, would be one continuous act, although the picking up, necessarilly, was after the digging, and after they had lain upon the ground. The act would be continuous, without cessation, until the asportation, as well as the severance, was completed, and thus a trespass only. And so, also, of cutting a "lot of cabbages," "severing them from the earth," the "severing" necessarily precedes the taking away, yet, when the taking away immediately follows, it is a "continuous act," and is trespass only.

It is argued by the Attorney-General, that the taking of vegetables severed from the ground, and the carrying of stolen goods into another county, seem to stand

upon the same footing, although it is conceded that the authorities hold, as to the first mentioned, that the possession is not in the owner as personalty, and in the latter, that the legal possession still remains in him.

The trespasser holds the severed property, as personalty, but he cannot be convicted of a larceny, for he did not obtain that possession feloniously. No felony was committed in the taking and carrying away from the owner, but a trespass only.

In the case of an original felonious taking and carrying away, every moment's continuance of the trespass and felony amounts to a new caption and asportation, (2 Arch. Cr. Pr. & Pl., 343, note 1,) and the offence is considered as committed in every county or jurisdiction into which the thief carries the goods. *Ibid.* It is difficult to see any difference in the moral guilt of one who takes and carries away immediately upon the severance from the freehold and one who severs at one time and takes away at another, but the Legislature has not altered the distinction made by the common law, and it is still in force in Tennessee.

The judgment of the Criminal Court will be reversed.