## HICKMAN v. BOOTH.

### (*Nashville.* December Term, 1914.)

FIXTURES. Nature of "fixture." Telephone instrument.

A telephone instrument installed in a house in the ordinary manner is not a "fixture," and does not pass with the conveyance of the land, under the rule that only those chattels are "fixtures" which are so attached to the freehold that from the intention of the parties and the uses to which the chattels are put the annexation is presumed to be permanent or a removal would cause serious injury to the freehold.

Cases cited and approved: Johnson v. Patterson, 81 Tenn., 626; De Graffenreid v. Scruggs, 23 Tenn., 451; Union Bank v. Wolfe, 114 Tenn., 255; Cannon v. Hare, 1 Tenn. Ch., 23.

---

### FROM GILES.

---

Appeal from the Circuit Court of Giles County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—W. B. TURNER, Judge.

CROWELL & McLAURINE, for appellant.

E. E. ESLICK, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by R. H. Booth, the plaintiff below, against H. C. Hickman, the defendant below, to

replevin a telephone instrument and certain wires con-
nected therewith.   There was a judgment in favor
of Booth for the instrument and wires, from which
Hickman appealed.   This judgment was affirmed by
the court of civil appeals.

The record shows that Booth sold his farm to Hick-
man, and that there was in the residence a telephone
which was connected with an exchange at a nearby
point.   The telephone instrument and the wire seemed
to have been the property of Booth.

The proof offered on behalf of the plaintiff below
is that there was a parol reservation of this tele-
phone outfit by the vendor at the time of the sale.
Booth so testifies, and his testimony is corroborated,
and the finding of the circuit judge to this effect is
really decisive of the controversy in this court.

However, counsel have argued the case in their briefs
rather as though there had been no reservation, and
have submitted to the court the question as to whether
a telephone instrument installed in a house in the ordi-
nary manner is a fixture so attached as to pass with a
deed to the land.

We do not think a telephone instrument is such a
fixture.   It is in no sense a permanent improvement.
Telephones are put in and taken out at the pleasure
of the occupant of the premises, and ordinarily the
instruments are rented and the title to such instru-
ments is distinct from the title to the freehold.   Tele-
phones are not placed in houses primarily for the im-

provement of the property, but for the convenience of the occupants.

In Tennessee only those chattels are fixtures which are so attached to the freehold that, from the intention of the parties and the uses to which they are put, they are presumed to be permanently annexed, or a removal thereof would cause serious injury to the freehold. *Johnson* v. *Patterson,* 13 Lea, 626; *De Graffenreid* v. *Scruggs,* 4 Humph., 451, 40 Am. Dec., 658; *Union Bank* v. *Wolfe,* 114 Tenn., 255, 86 S. W., 310, 108 Am. St. Rep., 903, 4 Ann. Cas., 1070. The usual test is said to be the intention with which a chattel is connected with realty. If it is intended to be removable at the pleasure of the owner, it is not a fixture. *Johnson* v. *Patterson,* 13 Lea, 626; *Cannon* v. *Hare,* 1 Tenn. Ch., 23.

We are of opinion that a telephone instrument, with the wire, attached to a house in any of the customary methods, is not a fixture that passes with a conveyance of the land.

The petition for writ of *certiorari* is denied.