ANDERSON HYDEN *v.* THE STATE.

(*Knoxville.*    September Term 1916.)

**LARCENY.    Elements.    Property attached to "freehold."**

A railroad track on a right of way owned by a street railway company being a part of the "freehold," under Shannon's Code, section 6496, subsection 6, making it a misdemeanor to sever and carry away from the freehold of another anything attached thereto under such circumstances as would render the trespass larceny, if the thing severed and carried away were personal property, where accused cut wire attached to rails so that it had to be cut to be removed, and carried it away, he was not guilty of larceny, as the entire act of which the severance is a part is declared by the statute to be trespass, and distinguished from larceny.

Acts cited and construed: Acts 1889, ch. 161.

Cases cited and approved: Hickman v. Booth, 131 Tenn., 32; Union Bank v. Wolf, 114 Tenn., 255; Johnson v. Patterson, 81 Tenn., 626; De Graffenreid v. Scruggs, 23 Tenn., 451; Bell v. State, 63 Tenn., 426; Bradford v. State, 74 Tenn., 634; State v. Donohue, 75 Or., 418;

Code cited and construed: Sec. 6496 (S.).

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County.—S. D. McREYNOLDS, Judge.

J. H. EARLY, for appellant.

FRANK M. THOMPSON, Attorney-General, and STRANG & FLETCHER, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiff in error was indicted and convicted for alleged larceny of copper wire, from the Chattanooga Traction Company, and has appealed in error to this court.

There is no controversy in the proof, and the single question presented, in various ways, is whether the offense, shown to have been committed by Hyden, amounts to larceny.

The Chattanooga Traction Company operates a trolley line from North Chattanooga to Signal Mountain, over a right of way which it owns. Copper wire is used as a bond to tie the rails one to another, and also to connect the rails on opposite sides of the track. The wire is passed through holes in the rails and is bradded, so that it can only be removed by cutting the wire from the rail. Such use of the wire is made to facilitate the passage of the electric current moving the trolley cars.

The proof tends to show that the plaintiff in error, equipped with a pair of bolt cutters, went along the track of the traction company and cut a considerable quantity of the bond wire therefrom, which pieces of wire he placed in a sack and took away with him.

It is insisted, for the plaintiff in error, that the wire so cut and removed was a part of the freehold, and that the act of the plaintiff in error was not larceny. We think this contention must be sustained.

A railroad track laid along a right of way owned by a street railway company is certainly a part of the freehold. This conclusion necessarily results from an application of the principles announced in any of our cases on the subject. *Hickman* v. *Booth,* 131 Tenn., 32, 173 S. W., 438; *Union Bank* v. *Wolf,* 114 Tenn., 255, 86 S. W., 310, 108 Am. St. Rep., 903, 4 Ann. Cas., 1070; *Johnson* v. *Patterson,* 81 Tenn. (13 Lea), 626; *De Graffenreid* v. *Scruggs,* 23 Tenn. (4 Humph.), 451, 40 Am. Dec., 658.

As before stated, the bond wire taken off by the plaintiff in error was bradded to the rails and had to be cut therefrom in order to be removed. This wire was intended to be permanently annexed, manifestly.

This court has, in two cases, announced that, where things savoring of the realty are severed and carried away, if the severance and asportation constitutes one continuous act, there is no larceny. *Bell* v. *State,* 63 Tenn. (4 Baxt.), 426; *Bradford* v. *State,* 74 Tenn. (6 Lea), 634.

The court quoted and approved the following from Greenleaf on Evidence, section 163:

"If the severance and asportation were one continuous act of the prisoner it is only a trespass; but if the severance were the act of another person, or, if after the severance by the prisoner any interval of time elapsed after which he returned and took the article away, the severance and asporation being

two distinct acts, it is larceny." *Bell* v. *State,* supra.

The holding in Tennessee is undoubtedly in accord with the common-law rule, and perhaps with the weight of authority. See note in 49 L. R. A. (N. S.), 965.

It is insisted by the attorney-general, however, that a better rule is announced in *State* v. *Donohue,* 75 Or., 418, 144 Pac., 755, 147 Pac., 548, *Harberger* v. *State,* 4 Tex. App., 26, 30 Am. Rep., 157, and other cases to the effect, that by the act of severance the wrongdoer converts the property into a chattel, and if he then removes the severed property with a felonious intent he is guilty of larceny whatever dispatch may have been employed by the thief in the removal.

Although this court indicated some dissatisfaction with the common-law rule announced and followed in *Bell* v. *State,* supra, and although there is much force in the argument of the attorney-general for what he calls the modern rule, we feel bound to follow our previous holding, in view of the legislative policy prevailing on this subject in this State.

By section 6496 of Shannon's Code, subsec. 6, it is declared to be a misdemeanor "to sever and carry away from the freehold of another any property or thing attached thereto, under such circumstances as would render the trespass larceny, if the thing severed and carried away were personal property."

The statute just quoted exactly describes the offense which the plaintiff in error committed, and this offense is declared to be a misdemeanor, and is expressly differentiated from larceny by the words of the act.

In view of the statute, we could not hold that the severance of the property from the freehold amounted to a conversion into personalty and the immediate carrying away thereof was larceny, because the entire act, of which the severance is only a part, is declared, by the statute, to be trespass and distinguished from larceny.

If we adopted the rule pressed upon us by the attorney-general it would have the effect of resolving a statutory offense into two elements, and we would inflict a higher punishment for part of a crime than the legislature prescribed for the completed offense.

Inasmuch as the legislature has defined the offense, with which the plaintiff in error is charged, and prescribed the penalty for it, the court is without power to do more than enforce the legislative enactment.

By the act of 1889, chapter 161, it was made a felony to enter upon another's land and remove from the stalks ears of corn growing thereon, and to appropriate the same. It thus appears that after the decision in *Bell* v. *State,* and *Bradford* v. *State,* supra, the questions there were considered by the legislature, and no change was made in the common

Hyden v. State.

law and the statutory rules, to which we have referred, except with respect to growing corn.

For the reasons stated, we think the trial judge erred in holding the defendant below to have been guilty of larceny, and the judgment will be reversed, and a *nolle prosequi* recommended.