# WILLIAMS *v.* STATE.

## (*Nashville*, December Term, 1947.)

### Opinion filed February 28, 1948.

BROWN SIMMS, of Lawrenceburg, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Harry Williams appeals from a conviction of larceny grounded upon an indictment charging that Williams ''did unlawfully and feloniously take, steal and carry away from the possession of T. L. Martin, certain personal property, to-wit: Stalks of corn, the goods and chattels of the said T. L. Martin, and of the total value of $25.00,'' etc.

The evidence upon which the conviction is based is that on the 7th day of September, 1947, Williams went upon the cultivated land of Martin and pulled stalks of corn from the soil, carried them away and fed them to his cow. The evidence justifies the conclusion that Williams committed this act and that the corn had a value of from $2 to $3. Since, under the errors assigned, we are not concerned upon this appeal with the amount of punishment given, the testimony of witnesses that the commission of offenses of this character was a habit of defendant and had resulted in his serving of a sentence in the penitentiary and in the workhouse, respectively, are of no materiality here.

The error assigned is that the proof (1) ''is of sufficient material variance from the indictment to make indictment void and invalid,'' and (2) ''does not conform to the charge,'' and (3) ''has all the ingredients of trespass.''

In support of these assignments of error, all of which may be considered as one, it is insisted by plaintiff in error that ''the property was never of a personal nature, but still savoring of the realty, since the severance and asportation constitute one continuous act without cessation until the one as well as the other was completed.'' Proceeding upon this premise, it is contended that the property stolen was not ''personal property'' but was

property "partaking of real estate", and thus, so it is insisted, there is a fatal variance in the proof from the indictment which charged the taking of personal property. *Bell* v. *State*, 63 Tenn. 426, is relied upon as sustaining this contention. The merits of the contention so advanced and the principle upon which *Bell* v. *State* was determined necessitate a consideration of certain of the requisite ingredients of larceny.

■ Larceny is defined by Code, sec. 10920, as the "felonious taking and carrying away the personal goods of another." One of the essential ingredients under the common law is the felonious taking possession, actual or constructive, of such personalty from the owner, or from one having possession by authority of the owner. *Defrese* v. *State*, 50 Tenn., 53, 60 *et seq.*, 8 Am. Rep. 1, will suffice to illustrate this rule.

■ A stalk of corn growing in the soil is part of the soil. In that status, such property is a part of the realty, rather than personal property. When this stalk of corn is severed from the soil it becomes personal property at the moment severance is completed. Based upon this rule of law the Court said in *Bell* v. *State, supra*: "If, therefore, the thief sever them at one time, whereby the trespass is completed, and they are converted into personal chattels, in the constructive possession of him upon whose soil they are left or laid, and come again at another time, when they are so turned into personalty, and take them away, it is larceny."

In the *Bell Case* the defendant dug the potatoes and cabbage from the soil and, as part of the same act, carried them away. The Court held that this was not larceny, saying: "The principle is, that when the severance and asportation constitute one continuous act, then it is a

trespass only, but if the severance is a distinct act, and not immediately connected with or followed by the asportation it is a larceny.'' The potatoes and cabbage in the *Bell Case* became personal property immediately upon severance from the soil, but, as personalty, never came into the actual or constructive possession of the owner before the asportation. Under this highly technical distinction, it was held in the *Bell Case* that the act of digging the potatoes from the soil and at the same time carrying them away did not constitute the offense of larceny. The variance between the indictment and the proof in that case was not in the allegation that the property taken was personal property, but in the allegation that as personal property it was taken from the possession of the owner. This holding was predicated upon the common law doctrine stated in 131 A. L. R. 147, in the following language: ''The theory of this doctrine is . . . that where the severance and the asportation are part of the same continuous transaction, there can of necessity be no period of time, following the severance and preceding the asportation, during which the thing severed is in the actual or constructive possession of the owner of the land.''

 Thus, the contention in the case at bar that under the authority of the *Bell Case* there is a variance between the indictment and the proof in the fact that the corn carried away was not personal property is not well taken. It was personal property the instant it was severed from the soil. So, if the *Bell Case* is controlling here, it is only because owner Martin never had possession at the time of or after this corn became personal property by the wrongful severance from the soil.

█ In *Hyden* v. *State*, 136 Tenn. 294, 189 S. W. 369, 370, this Court, speaking through Mr. Justice GREEN, said: "Although this court indicated some dissatisfaction with the common-law rule announced and followed in *Bell* v. *State* . . . we feel bound to follow our previous holding, in view of the legislative policy prevailing on this subject in this state." Apparently the dissatisfaction there expressed with the holding in the *Bell Case* finally resulted in the enactment in the 1932 Code of section 10924 providing, in so far as pertinent here, that "any person who . . . enters upon the . . . cultivated lands of another and severs from the soil and carries away any . . . produce . . . growing thereon; for the purpose of depriving the owner thereof and appropriating the same to his own use, shall be deemed guilty of, and punished as in the case of larceny." This legislative enactment destroyed the very technical holding of the *Bell Case* and the subsequent cases predicated thereon and declared it to be larceny to sever from the soil and carry away growing produce, though the severance and asportation constituted one continuous act.

█ It is also contended that the indictment in the instant case is fatally defective in that it did not charge that the corn taken was growing corn removed by Williams from the soil. There is very highly respected authority supporting this insistence. We refer to the North Carolina case of *State* v. *Jackson*, 218 N. C. 373, 11 S. E. (2d) 149, 151, 131 A. L. R. 143. North Carolina has a statute which is the equivalent of our Code, sec. 10924. The North Carolina Court took the view that the purpose of the statute was to extend the common-law rule as to what might be the subject of larceny, "so as to make chattels real . . . connected in some way with the

land; the subject of larceny.'' With the utmost deference to this very highly respected authority, it seems to us that it was not the purpose of the statute to extend the common-law rule so as to make chattels real the subject of larceny as held by the North Carolina Court in the *Jackson Case,* since it is quite evident from reflection that immediately upon severance from the soil the object severed became personal property and continued, as personalty, to be the property of the owner of the land. We think that the purpose of Code, sec. 10924 was to abolish the very technical common-law fiction that where the severance and the asportation are part of the same continuous transaction the thing severed was never in the actual or constructive possession of the owner of the land. The Supreme Court of Alabama takes a view of this matter contrary to that of North Carolina. In 131 A. L. R. 158, it is said: ''In *Holly* v. *State* (1875) 54 Ala. 238, under a statute making the taking of an outstanding crop of corn grand larceny it was held that a distinct averment that the corn was not at the time of the felonious taking severed from the freehold was unnecessary, since the statute made it larceny to steal a thing which was the subject thereof at common law.''

■ ■ When this corn was feloniously removed by Williams, after being taken from the soil, it was undoubtedly personal property and, since the enactment of Code, sec. 10924, did at the moment of severance come into the constructive possession of prosecutor Martin, to whom it belonged, we, therefore, agree with the holding of the Alabama case of *Holly* v. *State* that it was not strictly necessary to make the distinct averment that the corn taken by Williams was severed by him from the freehold. The indictment correctly charged that he feloniously took

corn, the personal property of Martin and in the possession of Martin. So, it contained a complete description of the facts and circumstances which constituted the crime of larceny, and met the requirements of the rule as stated in *Tipton* v. *State*, 160 Tenn. 664, 670, 28 S. W. (2d) 635. It gave the defendant proper notice of the offense with which he was charged. In *Jordan* v. *State*, 156 Tenn. 509, 514, 3 S. W. (2d) 159, 160, this Court said: "It is generally not necessary, and can serve no purpose but to facilitate the escape of offenders, to amplify and encumber the charge by circumstantial detail and minute description." While we think it would have been a more satisfactory pleading in this case for the indictment to have alleged that the defendant severed the corn from the freehold and then carried it away, nevertheless, the failure to so allege was not fatal, since it was only descriptive of a detail of the taking and did not mislead the defendant as to the offense with which he was charged.

All assignments of error are overruled, and the judgment is affirmed.

All concur.