## Jo. Starks *v.* The State.

CRIMINAL LAW. *Malicious stabbing.* In an indictment for malicious stabbing under sec. 4608 of the Code, the words "cut, penetrate and wound," describe the offense with quite as much accuracy and certainty as if the word stab had been used.

Cases cited: Peck *v.* The State, 2 Hum., 85; Jarnagin *v.* The State, 10 Yer., 531.

Code cited: Sec. 4608.

### FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

J. A. CARTWRIGHT, for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

Starks was indicted and convicted in the Criminal Court of Davidson for unlawfully, and of his malice aforethought, cutting, penetrating and wounding Jack Bowers, with a certain knife, then and there held in his hand.

A motion was made to arrest the judgment, upon the ground that the defendant was indicted under sec. 4608 of the Code for malicious stabbing, whereas the offense charged is that of malicious cutting.

The indictment is in these words: "Jo. Starks unlawfully and of his malice aforethought, then and there did cut, penetrate and wound," Jack Bowers, with a certain knife, etc.

It was held in *Peck* v. *The State*, 2 Hum., 85, that "it is better to pursue strictly the words of the statute, as it precludes all questions about the meaning of the expressions used. But when a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient."

The question, then, arises, are the words "cut, penetrate and wound," as used in the indictment, equivalent to the word "stab" used in the statute?

In the case of *Jarnagan* v. *The State*, 10 Yer., 531, the indictment contained the word "stab," and that the wound was inflicted with a knife. It was

5—VOL. 7.

objected that it was insufficient, because that word did not describe the injury inflicted by the term "cut" or "wound," so as to show that the skin was broken or penetrated by the weapon. But the court said: The word "stab," by its own proper force and meaning, imports a breaking and penetration of the skin as distinctly as would the word "cut." This case recognizes the word cut as equivalent to the word "stab" in such a case. But, in the present indictment, the words "cut and penetrate" are used, and as the wound is charged to have been with a knife, they describe the offense with quite as much accuracy and certainty as if the word "stab" had been used.

We are therefore of opinion that there is no error, and affirm the judgment.