Floyd Coke

*v.*

State of Tennessee.

*(Nashville,* December Term, 1960.)

Opinion filed April 5, 1961.

GOODLETT & GOODLETT, Clarksville, for plaintiff in error.

WALKER T. TIPTON, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, Floyd Coke, was convicted of receiving and concealing property obtained under false pretenses with a sentence of a maximum of five years in the State Prison. This appeal in error resulted.

The facts developed by the State's proof are that the defendant below is the owner of a restaurant and farm near the intersection of Highway No. 13 and Highway No. 48 in Montgomery County. It seems that the defendant was in the process of constructing some houses at the time of this occurrence.

James Carpenter, who is now serving a term in the State Prison, contacted the defendant to wire a house for him. According to Carpenter, this was agreed to by the defendant, and one Baggett, who was an employee of the defendant's, made out a list of supplies needed to wire the house. Carpenter went to the Hardware Company and procured the supplies by fraudulently representing

to Hardware Company that he was purchasing the goods for one Buck. Carpenter, by the use of defendant's truck, hauled the articles in question out to the defendant's place. These articles were stored in a house owned by the defendant and on his property. Carpenter would procure electrical material and carry it out to the defendant's for which he was paid a total of two or three hundred dollars.

At some time during these various transactions between Carpenter and the defendant, Carpenter informed the defendant that he had better not scatter these goods around because they were "hot".

Sometime later a Deputy Sheriff received information concerning the whereabouts of this property. Two deputies made a search according to their information and found the fraudulently procured electrical supplies near the defendant's property. The supplies were turned over to the Hardware Company. The defendant was brought to trial and was found guilty of receiving and concealing stolen property.

From the above we cannot say the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant.

The jury had the opportunity to see and observe the witnesses and they are judges as to the credibility of the witnesses. *Batey v. State,* 191 Tenn. 592, 235 S.W.2d 591.

It is also objected that the presentment did not set out the offense in the statutory language. The rule in this State has long been that it is better practice to use the words of the statute, but it is not essential as long as the

substituted words are the equivalent of the words in the statute. *Starks v. State,* 66 Tenn. 64, 65.

■ It is also objected to that the Attorney General, in his closing argument, commented upon the defendant's failure to offer evidence in support of his reputation as to truth and veracity within the community. The defendant cannot be heard to complain upon this subject due to the fact that he opened up the subject to comment in his closing argument.

The record shows that the counsel for the defendant stated in his argument that the defendant stood before them without any evidence against his character for telling the truth.

It seems there is no case in Tennessee dealing upon this point. In the Supreme Court of Alabama, in the case of *Jarrell v. State,* 251 Ala. 50, 36 So.2d 336, 341, the Court stated:

"Counsel may comment on the failure of his adversary to produce evidence of the good character of his witness (especially when he is the witness) when impeaching evidence has been introduced or when the comment is pertinent to answer an argument made by opposing counsel."

See also *McDowell v. State,* 238 Ala. 482, 191 So. 894.

■ We are the opinion therefore that this comment, to say the least of it, though perhaps not proper, is not reversible error.

All assignments of error are overruled and the judgment of the lower court is affirmed.