Ivan BIVENS, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Oct. 6, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

N. Eugene Worthington, Madisonville, for plaintiff in error.

David M. Pack, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Athens, Kendred A. White, Asst. Dist. Atty. Gen., Madisonville, for defendant in error.

## OPINION

O'BRIEN, Judge.

Appellant, Ivan Bivens, hereinafter referred to as defendant, was indicted for assault with intent to commit murder (TCA Sec. 39–604), and convicted of attempt to commit voluntary manslaughter in the Criminal Court for Monroe County, with a jury verdict of 3 years, upon which the trial court fixed sentence of not less than 1 nor more than 3 years in the State Penitentiary. Motion for new trial was heard and overruled, upon which appeal was effected to this court and 2 assignments of error made.

The 1st assignment challenges the sufficiency of the indictment upon the averment that the indictment failed to properly state a felony and therefore did not properly advise defendant of the specific offense against which to base his defense, and merely charges an assault and battery upon which the jury could not return a verdict for a greater crime.

The specific complaint is that the statute includes the word feloniously, which is omitted from the indictment. Huffman v. State, 200 Tenn. 487, 292 S.W.2d 738, is cited as authority that the indictment in this case merely charged an assault and battery. The reasoning in Huffman is not applicable to the circumstances before us.

The indictment in this case fully conforms to the language of the statute with the exception of the omission of the word feloniously. An exhaustive review of the authorities on this point fails to bring to light anything more than an admonition, "that it is better to pursue strictly the words of the statute so as to preclude all questions as to meaning of the expressions used." Beginning with Peek v. State, 21 Tenn. 78, the requirements applying to the form and sufficiency of indictments have remained unchanged. In Peek it was said:

"It is true that, where a statute creates an offence (sic), the indictment itself must charge the facts and circumstances which constitute the offence (sic) as mentioned in the statute. And it is better to pursue strictly the words of the statute, as it precludes all question about the meaning of the expressions used. Archb.Cr.Pl. 53. But where a word not in the statute is substituted, in the indictment, for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient. Archb.Cr. Pl. 52. As in the cases put in the books, where the word 'knowingly,' in the statute, was represented by the word 'advisedly,' in the indictment, or the word 'wilfully,' in the statute, by 'maliciously,' in the indictment. In these cases, the indictments were good, because the words substituted were equivalent to those in the statute, or of more extensive signification. . . ."

It was said, in Watson v. State, 158 Tenn. 212, 12 S.W.2d 375, that, "It is not necessary in framing a statutory charge to use the identical words of the statute, if equivalent words are used."

In Coke v. State, 208 Tenn. 248, 345 S. W.2d 673, quoting Starks v. State, 66 Tenn. 64, 65, it was said:

"It is also objected that the presentment did not set out the offense in the statutory language. The rule in this State has long been that it is better practice to use the words of the statute, but it is not essential as long as the substituted words are the equivalent of the words in the statute."

In this case we do not have a substitution of words so much as the omission of the word feloniously, which in the context used describes the manner of the assault, rather than the substance of the offense which is the assault, "With intent to commit murder in the 1st degree". The purpose of the indictment is set out in TCA Sec. 40–1802. The indictment in this case fully meets these requirements and we consider it to be sufficient.

In Erby v. State, 181 Tenn. 647, 184 S. W.2d 14, the use of the words "feloniously" and "felony" are discussed in a context which we think is applicable to the facts of this case. There, in discussing words as used in the statute applying to violation of the liquor laws, it was said:

"The indictment did not use the word 'feloniously' but described the offense in the language of the statute by the use of the words 'unlawfully did personally transport certain intoxicating liquors, to-wit: One gallon or more from one point to another within the State of Tennessee, to-wit: from a certain point in the County of Knox, State of Tennessee, to another point in the County of Knox, State of Tennessee,' which is to all intents and purposes the language of the statute.

The statute further provides that such an offense of transporting one gallon or more 'shall be a felony punishable by imprisonment,' etc. Declaring it a felony is merely a statement of the grade of the offense and is not descriptive of any particular offense. If the defendant transported one gallon or more unlawfully, as provided by the statute, he has been guilty of the offense and has therefore committed a felony.

We therefore hold that the use of the word 'feloniously' or 'felony' was not a

necessary part of the indictment. The word felony is the result if the offense is committed. The indictment has charged the defendant with all of the acts within the statutory definition."

Assignment of error No. 2 encompasses the first 3 grounds of defendant's motion for new trial, the first two of which attack the weight and sufficiency of the evidence, and the third charges passion, prejudice and caprice on the part of the jury in fixing the penalty at three years in the Penitentiary.

Without entering into a detailed discussion of the evidence, the testimony of the witnesses coupled with the circumstances are overwhelming. The defendant is left-handed. The location of the wound on the victim's body belies his story. The incident could not have occurred in the manner which he related.

 The jury chose not to believe him. The law is well settled in this State, and has been reiterated in numerous cases, that a guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. Such a verdict removes the presumption of the innocence of the accused which stands as a witness for him until he is convicted, and raises a presumption of his guilt upon appeal, and he has the burden upon appeal of showing that the evidence preponderates against the verdict and in favor of his innocence. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, Tenn.Cr.App., 425 S.W.2d 799; Brown v. State, Tenn.Cr. App., 441 S.W.2d 485; Palmer v. State, Tenn.Cr.App., 435 S.W.2d 128; Morelock v. State, Tenn.Cr.App., 460 S.W.2d 861.

A conviction will not be reversed on the facts unless it is shown by the defendant that the evidence preponderates against the verdict and in favor of his innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Schweizer v. State, 217 Tenn. 569,

399 S.W.2d 743; Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700. Defendant has failed to carry this burden.

 The fact that the jury found the defendant guilty of a lesser included offense than that charged, and fixed the penalty well within the limits prescribed for the offense, adequately demonstrates that the assignment charging passion, prejudice and caprice is without merit.

All assignments of error are overruled and the judgment of the trial court affirmed.

Appointed counsel is to be commended for his able and diligent representation of the defendant in this cause.

OLIVER and DWYER, JJ., concur.