**STATE of Tennessee, Appellee,**

v.

**William Charles TILSON, Appellant.**

Court of Criminal Appeals of Tennessee.

April 1, 1981.

Permission to Appeal Denied by Supreme Court Aug. 3, 1981.

Ray E. Cate, Martha Cochran, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Richard B. McConnell, Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of receiving stolen property valued at more than two hundred dollars ($200.00), and he was sentenced to serve not less than six (6) years and not more than ten (10) years in the penitentiary.

The defendant attacks the sufficiency of the evidence, says the assistant district attorney general committed error in argument to the jury by referring to the defend-

ant as a professional criminal, says the State should not have been allowed to dismiss a charge of concealing stolen property based on the facts of the case, and says the defendant was denied a fair trial because he was indicted as an habitual criminal without sufficient cause.

The judgment is affirmed.

On November 2, 1978, a home was broken into in Knox County. Several pieces of stereo equipment, several guns, two antique gold watches, and two knives were taken therefrom.

The State's evidence shows a vehicle similar to one owned by the defendant was seen at the place of the burglary. The witness who saw this was unable to positively identify the defendant as one of the persons seen there.

The stereo equipment was found in a house on the evening of the burglary. The State's evidence showed the defendant was present with two other men and a woman at the residence where this equipment was located on the afternoon or early evening of the burglary. The defendant was sitting on a piece of the stereo equipment at the time.

The defendant, along with others, was arrested later in the evening of November 2, 1978. At the time of his arrest, the defendant was in possession of a knife which had been taken in the burglary. The State's evidence further showed the defendant had one of the antique gold watches in his possession which he handed to a woman, when the police stopped the vehicle in which the defendant and the woman were riding.

The defendant's evidence was a showing of an alibi at the time the burglary occurred.

■ The verdict of the jury, approved by the trial judge, accredits the State's evidence and resolves the issues in favor of the State. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978).

The State's evidence shows the defendant was in possession of one antique gold watch

and a knife subsequent to the burglary,[1] which were taken therein. Additionally, he was in a residence, with others, where the stolen stereo equipment was found. The jury, apparently accepting the defendant's alibi defense at the time of the theft of the goods, could reasonably find from the possession of the stolen goods the defendant received these goods from the thief.

The action of the defendant in divesting himself of the watch when the police approached is indicative of guilty knowledge of the stolen character of the property. The jury was entitled to infer from these circumstances the requisite knowledge of the stolen character of the goods. The evidence is sufficient for the jury to find guilt beyond a reasonable doubt. Rule 13(e) T.R. A.P.

The defendant moved for a motion of acquittal on the basis of venue not being shown in Knox County for the receiving of this property.

The State says this is waived on appeal because there is no citation of authority in the brief. We are not of the view this is a sufficient reason to claim waiver of an issue. This approach would effectively stifle the development of the law on issues of first impression.

■ However, the evidence is sufficient to show venue of the case is in Knox County. The evidence shows the goods were stolen in Knox County and recovered in Knox County. Venue may be shown by a preponderance of the evidence. *Wright v. State,* 2 Tenn.Cr.App. 95, 451 S.W.2d 707 (1969).

■ In the course of argument to the jury, the assistant district attorney general referred to the defendant as a professional thief. The court sustained the defendant's objection thereto and instructed the jury on the matter. The assistant district attorney general then, unwisely, told the jury they would determine if the defendant were a professional burglar. The trial court again sustained the defendant's objection and instructed the jury on their duties.

1. The two watches were valued at four thousand ($4,000.00) dollars by the owner.

If these statements were the only statements concerning this matter, the State would have exceeded the legitimate bounds of advocacy. However, the defendant's attorney, in closing argument went into considerable detail asserting the action of the defendant did not indicate he was a professional thief, and in which counsel stated the defendant had been convicted of two previous burglary cases.

Under the circumstances of this case, the first statement of the assistant district attorney general was not error because made in response to the defendant's argument. *Coke v. State*, 208 Tenn. 248, 345 S.W.2d 673 (1961); *State v. Sutton*, 562 S.W.2d 820 (Tenn.1978).

The assistant district attorney general should have foregone the argument when the trial judge sustained the objection. However, under the circumstances of this case, the added statement does not amount to prejudicial conduct within the context of *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr. App.1976).

The defendant bases his claim of error in the dismissal of the concealing stolen property count of the indictment upon the proposition the State could not have prosecuted the defendant on the habitual criminal portion of the indictment returned against him in this case had the jury found him guilty of concealing stolen property.

The defendant was not prosecuted on the habitual criminal charge in the indictment. Therefore, his complaint on this issue and the complaint of going to trial with an habitual criminal charge lodged in the indictment are without merit.

O'BRIEN and TATUM, JJ., concur.