TotteN, J.,
delivered tbe opinion of tbe court.
James Pearce was convicted in tbe circuit court of Rhea on a presentment for illegal voting. He moved for a new trial, and in arrest, and tbe motions being severally overruled, he appealed in error to this court.
It is now assigned for error, first, that bis Honor, tbe Circuit Judge, erred in his instructions to the jury.
He instructed tbe jury in effect, that tbe place where the defendant’s family resided and bis property *66 is situated, is, “in contemplation of law,” to be deemed bis domicil, unless in case of a permanent sepáration from bis family. This is not quite correct. Home, residence and business, are material elements in the legal idea of domicil. Thus, Mr. Kent, “The place where a man carries on his established business or professional occupation, and has a home and permanent residence is his domicil.” 2 Kent’s Com., 431, note. And so, Mr. Story, “That is properly the domicil of a .person where he has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning.” Con. Law, § 41.
Now, it is not true that the residence of a .married man’s family is necessarily to be deemed his domicil. For, beside the supposed case of a separation, there may be a temporary residence only, for the family, or for transient purposes, at a place which is not his permanent residence and home. It is true, that the residence of a married man’s family is in general to be deemed his domicil, because they usually reside at his permanent home; the place to which, whenever he is absent for business or pleasure, he has the intention to return. The residence of the family is a fact from which the domicil may be presumed; and this is a presumption of fact, and not of law, as was erroneously stated by the judge. The presumption may be removed by proof to the effect that the true domicil is at a different place from that of the family residence. Story Con. Laws, § 46.
Second: That the presentment is bad, for want of the necessary averments, descriptive of the nature of the offence.
*67 The presentment avers in substance, that- in the election for President and Tice President of the IT. States, in 1848, the defendant unlawfully and knowingly voted in the county of Rliea, he, the defendant, ‘‘not being a qualified voter in and for said county of Rhea.”
The Act of 1844, ch. 31, § 1, provides that if a person vote at any election held under the constitution and laws of this State, “ such person not being at the time a qtialified voter of the county in which he so votes, he shall be adjudged guilty of a misdemeanor.
W& think the presentment bad. The nature and came of the accusation are not well stated. Cons., art. 1, § 9. The presentment is in the words of the statute; and the words are, “ a qualified voter.” That is not a fact, but a legal result; and for the facts which constitute a qualified voter, we are to refer to the constitution and laws; from which it will be seen that there are several grounds of disqualification: 1st, If he be not a free white man, twenty-one years of age. 2nd, If he be not a citizen. 3rd, If he has not resided in the county six months as a citizen thereof.
Now, for which of these causes was the defendant disqualified? The presentment does not inform him, and the cause can only appear in the proof, when he may be taken by surprise, and be wholly unprepared to make his defense, however just and valid it may 'be.
The rule is, that “ the indictment must charge . the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime. A statement of a legal result is bad.” 1 Chit. Cr. L., 228. A conclusion of *68 law need not be stated; it is tbe facts upon which it is founded, that are necessary and material. 1 Chit. Cr. L. 231.
We may further observe, that where the act is not, in itself, necessarily unlawful, but becomes so by other facts connected with it, the facts in which the illegality consists, must be set forth and averred. 1 Chit. Cr. L. 229.
Now, the act of voting is not necessarily illegal, but may become so for some of the causes before stated; and in order that the charge may be perfect, such cause must be set forth and averred in the indictment or presentment. The ground of disqualification not being averred in the present case the judgment will be reversed, and the motion in arrest sustained.
Judgment reversed.