PHILLIP JORDAN *v.* STATE OF TENNESSEE.*

(*Nashville.* December Term, 1927.)

Opinion filed March 3, 1928.

1. CRIMINAL LAW. INDICTMENT. ALLEGATIONS.

It is not necessary for an indictment to allege where the offense was committed. (Post, p. 512.)

Citing: Shannon's Code, sec. 7088.

Distinguishing: Kizer v. The State, 140 Tenn. (14 Thomp.), 599.

2. CRIMINAL LAW.. INDICTMENT. MOTION IN ARREST OF JUDGMENT.

Where the defendant pleads to an indictment and goes to trial upon the merits the defect in description is cured by the verdict. (Post, p. 513.)

Citing: Pope v. The State, 149 Tenn. (22 Thomp.), 179.

3. CRIMINAL LAW. INDICTMENT. MISDEMEANOR. CONSTITUTION.

The provision of the Constitution which gives the defendant a right to demand the nature and cause of the accusation against him and to have a copy thereof, does not apply in misdemeanor cases. (Post, p. 513.)

Citing: Article 1, sec. 9, State Constitution.

4. CRIMINAL LAW. TECHNICALITIES.

There is a growing inclination of this court to escape from the embarrassment of technicalities that are empty and without reason, and tend to defeat law and right. (Post, p. 513.)

Citing: State v. Pearce, 7 Tenn. (1 Peck.), 67; Givens v. State, 103 Tenn. (19 Pick.), 562.

5. CRIMINAL PLEADING. INDICTMENT.

Under our system of criminal pleading an indictment must state the facts constituting the crime, and not mere legal conclusions. (Post, p. 513.)

Citing: State v. Pearce, 33 Tenn. (1 Sneed), 63; Daniel v. The State, 50 Tenn. (3 Heis.), 259; Cornell v. State, 66 Tenn. (7 Baxt.), 523; Foster v. State, 74 Tenn. (6 Lea.), 214; State v. Witherspoon, 115 Tenn., (7 Cates), 144; State v. Standard Oil Co., 120 Tenn. (12 Cates,), 112.

6. CRIMINAL PLEADING. INDICTMENT. PLEA.

The degree of precision in the description of an offense cannot be given in an indictment, so as to distinguish it per se from all other cases of a similar nature. Such discrimination amounting to identification must rest in averment by plea and in the proof, and its absence in description in the indictment can be no test of the certainty required either for defense against the present prosecution or for protection against the prosecution for the same matter. (Post, p. 513.)

Citing: State v. Pearce, 33 Tenn. (1 Sneed), 63; State v. Cameron, 50 Tenn. (3 Heis.), 86; Millner v. State, 83 Tenn. (15 Lea), 181; State v. Stephens, 127 Tenn. (19 Cates), 285.

7. CRIMINAL PLEADING. STATUTORY OFFENSE. INDICTMENT.

The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him. (Post, p. 514.)

8. CRIMINAL PLEADING. INDICTMENT.

It is not necessary to amplify and encumber the charge in the indictment by circumstantial details or minute description. (Post, p. 514.)

Citing: Hall v. State, 43 Tenn. (3 Cold.), 125; Bradford v. State, 22 Tenn. (3 Hump.), 370.

9. CRIMINAL PLEADING. INDICTMENT.

If the statute does not set forth all the ingredients of the offense, or enough to constitute the crime, the indictment must add them. (Post, p. 514.)

Citing: State v. Ladd, 32 Tenn. (2 Swan.), 299; Cornell v. State, 66 Tenn. (7 Baxt.), 523; Villines v. State, 96 Tenn. (12 Pick.), 143.

10. CRIMINAL LAW. TRANSPORTING LIQUOR. INDICTMENT.

An indictment which alleges that the defendant did on a certain date "personally transport certain intoxicating liquor, to-wit, whisky

in quantity more than one gallon from one point within the State of Tennessee, to-wit, from a certain point in the County of Giles, State of Tennessee, to another certain point in the County of Giles, State of Tennessee, against the peace and dignity of the State," is sufficient.   (Post, p. 514.)

11. CRIMINAL LAW. TRANSPORTING LIQUOR.

Under an indictment for transporting liquor from a certain point in a county to another certain point in the same county, the guilt of the defendant is established when it is shown by the evidence that he transported the whisky within that county.   (Post, p. 515.)

12. CRIMINAL LAW. INDICTMENT. TRANSPORTING LIQUOR.

Under our practice it is not necessary to give notice in the indictment of the exact or definite place where the crime was committed with respect to any other character of offense, and the rights of the accused are in no wise prejudiced by failure to allege the exact place of transporting liquor, or failure to allege that such place is unknown to the grand jury.   (Post, p. 515.)

---

*Headnotes 1. Indictments and Informations( 31 C. J., section 192; 2. Indictments and Informations, 31 C. J., section 180; 3. Indictments and Informations, 31 C. J., section 260; 4. Indictments and Informations, 31 C. J., section 173; 6. Indictments and Informations, 31 C. J., section 268; 8. Intoxicating Liquors, 33 C. J., section 197; 9. Intoxicating Liquors, 33 C. J., section 452; 10. Criminal Law, 17 C. J., section 3621.

---

FROM GILES.

---

Appeal from the Circuit Court of Giles County.—Hon. W. B. Turner, Judge.

Eslick & Eslick, for plaintiff in error.

J. W. Cooper, Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Phillip Jordan, referred to herein as the defendant, was convicted by the jury, his punishment being fixed at one year and a day in the penitentiary, upon an indictment which charged him with transporting on a certain day more than one gallon of whisky ''from a certain point in the County of Giles, State of Tennessee, to another point in the County of Giles, State of Tennessee, against the peace and dignity of the State.''

Error is assigned upon the failure of the trial court to quash the indictment because violative of article 1 section 9, of the Constitution, which provides that in all criminal prosecutions the accused hath the right ''to demand the nature and cause of the accusation against him.''

It is insisted that the decription of the crime is not sufficient because the indictment does not charge ''the place from which and to which'' the whisky was transported.

*(1)* Section 7088 of Shannon's Annotated Code expressly provides that it is not necessary for an indictment to allege where the offense was committed.

The question for determination was submitted to this court in *Kizer* v. *State,* 140 Tenn., 599, but it was unnecessary to decide it for the reason that the indictment charged that the accused ''did transport into the State of Tennessee, and from some point in said State unknown to the grand jurors,'' etc., the court saying ''if a particular fact which is a matter of description and not vital to the accusation cannot be ascertained, the pre-

sentment may charge such fact to be unknown to the grand jury.''

*(2)*  The question was again raised in *Pope* v. *State,* 149 Tenn., 179, by motion in arrest of judgment, but the court held that where the defendant pleads to the indictment and goes to trial upon the merits the defect in description is cured by the verdict.

*(3)*  In *Ready* v. *State,* 290 S. W., 28, in response to a like contention, the court held that a misdemeanor case did not come within the provision of article 1, section 9, of the Constitution.

*(4)*  In *State* v. *Pearce,* 7 Tenn., 67, decided more than one hundred years ago, a history of the reason for the strictness required in indictments was detailed, and it was pointed out that the reason therefore no · longer existed.  And in subsequent decisions reference has frequently been made to the growing inclination of this court to escape from the embarrassment of technicalities that are empty and without reason, and tend to defeat. law and right.  *Givens* v. *State,* 103 Tenn., 652, and cases there cited.

*(5)*  Under our system of criminal pleading an indictment must state the facts constituting the crime, and not mere legal conclusions.  *Pearce* v. *State,* 33 Tenn., 63; *Daniel* v. *State,* 50 Tenn., 259; *Cornell* v. *State,* 66 Tenn., 523; *Foster* v. *State,* 74 Tenn., 214; *State* v. *Witherspoon,* 115 Tenn., 144; *State* v. *Standard Oil Co.,* 120 Tenn., 112.

*(6)*  The degree of precision in the description of an offense cannot be given in an indictment, so as to distinguish it *per se* from all other cases of a similar nature.  Such discrimination amounting to identification must rest in averment by plea and in the proof, and its absence in description in the indictment can be no test of the cer-

tainty required either for defense against the present prosecution or for protection against a future prosecution for the same matter. *State* v. *Pearce, supra; State* v. *Cameron,* 50 Tenn., 86; *Millner* v. *State,* 83 Tenn., 181; *State* v. *Stephens,* 127 Tenn., 285.

*(7)* The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him.

*(8)* On the other hand, it is generally not necessary, and can serve no purpose but to facilitate the escape of offenders, to amplify and encumber the charge by circumstantial detail and minute description. *Hall* v. *State,* 43 Tenn., 125; *Bradford* v. *State,* 22 Tenn., 370.

*(9)* If, however, the statute does not set forth all the ingredients of the offense, or enough to constitute the crime, the indictment must add them. *State* v. *Ladd,* 32 Tenn., 229; *Cornell* v. *State, supra; Villines* v. *State,* 96 Tenn., 143.

*(10)* The indictment in this case is in the language of the statute, and charges that the defendant did on April 12, 1926, "personally transport certain intoxicating liquors, to-wit: whisky in quantity more than one gallon from one point to another within the State of Tennessee, to-wit: from a certain point in the County of Giles, State of Tennessee, to another certain point in the County of Giles, State of Tennessee, against the peace and dignity of the State."

Tested by the foregoing rules, we are of the opinion that the description is sufficient, and if any ingredient of the offense has been omitted it has not been called to our attention. Neither have we been cited to any authority that supports the theory that "place" is one of

the ingredients of the offense, or a necessary part of the description.

We are further of the opinion that the language quoted above states facts and not mere conclusions of law. The indictment charges the defendant with personally transporting more than one gallon of whisky from one point to another point in Giles County on a certain date. If he did that he was unquestionably guilty of having violated the statute.

(11) It is not transporting whisky from some *particular* point to some other *particular* point in Giles County that constitutes the offense; if this were true, the points would have to be named in the indictment. The crime denounced is transporting whisky in the county between *any points*. It follows that the place of transportation within the county is not a material ingredient of the offense and does not have to be stated in the indictment.

The case is analogous to that of carrying a pistol. For this offense we have never seen an indictment that undertook to state the definite point or place where the accused carried the pistol. In such case the charge is sustained where it is shown by the evidence that the pistol was carried in the county in which the presentment was found. So, in the instant case, the guilt of the defendant is established when it is shown by the evidence that he transported the whisky in Giles County.

(12) So far as we are aware, the practice of giving notice in the indictment of the exact or definite place where the crime was committed does not obtain in this State with respect to any other character of offense, and no good reason occurs to us as to why it should be required in this case.

As a practical proposition, there are few instances in which the points from and to which the transportation was had could be stated in the indictment.

Neither is the accused in anywise prejudiced by failure to allege the exact place of transportation. Under our practice and procedure the accused always knows the nature of the charge and comes prepared to combat it, as the defendant did in this case.

This court, in *Pope* v. *State, supra,* said:

"The proposition that transportation from one place to another, denounced by the statute, means transportation, from one premises to another, is a result of construction not an express statutory declaration, and need not be pleaded."

With respect to the facts of the case, we find that the evidence is abundant to sustain the conviction.

There being no error in the judgment of the trial court it will be affirmed.