STATE OF TENNESSEE *v.* PAUL WRIGHT AND GOAD WRIGHT.

*(Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

W. F. BARRY, JR., Assistant Attorney-General, for plaintiff in error.

J. F. SHANNON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The State has appealed from a judgment herein quashing an indictment as follows:

"State of Tennessee, Humphreys County, August Term of Circuit Court, A. D., 1930. The Grand Jurors for the State of Tennessee, duly elected, empaneled, sworn, and charged to inquire for the body of the County of Humphreys and State aforesaid, upon their oath aforesaid, presents that Paul Wright and Goad Wright heretofore, to-wit, on the 15th day of June, 1930, in said County and State, unlawfully, willfully and knowingly opposed and resisted an officer, one R. F. Ingram, an

58

officer of said State and County, in making arrest of Goad Wright, he, the said Goad Wright, at the time having then and there committed a violation of law in the presence of said officer aforesaid, contrary to the State and against the peace and dignity of the State.''

█ This indictment can not be sustained under section 11044, Code of Tennessee. That section is in these words:

''Any person who knowingly and willfully opposes or resists an officer of the state, or other authorized person, in serving, or attempting to serve or execute, any legal writ or process, shall be guilty of a misdemeanor.''

The indictment here does not charge that the officer was undertaking to serve or execute any writ or process but merely that defendant opposed and resisted an officer attempting to make an arrest for a ''violation of law'' committed in his presence.

An averment as to process naturally would not be necessary if a case was shown in which the officer would have authority to arrest without process. Bishop's New Criminal Procedure (2 Ed.), Vol. 3, section 888. We suppose it would be an offense at common law to oppose or resist an officer in making any arrest which he was authorized by law to effect. But where the officer was acting without a warrant, we think an indictment of this nature should set out the attendant facts sufficiently to show that the officer was acting lawfully in attempting such an arrest. Otherwise, a prima facie case would not be made out against the defendant.

█ One ground of the motion to quash is that the indictment does not designate the official character of the officer; that it does not make it appear that he was such an officer as is empowered to make an arrest. This point seems to be well made. Wharton's Criminal Pro-

cedure (10 Ed.), Vol. 2, sec. 1022, and Bishop's New Criminal Procedure (2 Ed.), Vol. 3, sec. 884.

The indictment before us merely avers that the arrest resisted was undertaken by "an officer of said state and county." It should have at least been averred that the arrest was attempted by a sheriff, constable, policeman or other peace officer. There are many state and county officers not authorized to make arrests.

There is another fatal defect in the indictment not specifically mentioned in the motion to quash. It is quite generally held that an indictment should set out enough facts to show that there *was* an interference with or obstruction of the officer in the performance of his duty. In other words, the nature of the resistance or opposition should be described. Wharton's Criminal Procedure (10 Ed.), Vol. 2, sec. 1027; Bishop's New Criminal Procedure (2 Ed.), Vol. 3, sec. 889.

"Under our system of criminal pleading an indictment must state the facts constituting the crime, and not mere legal conclusions." *Jordan* v. *State,* 156 Tenn., 509.

The charge here is that the defendants "opposed and resisted" the officer with no statement of the facts going to make up the offense.

For the reasons stated, the judgment below is affirmed.