STANFIELD *v.* STATE.

(*Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

Thomas H. Peebles, of Columbia, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant, who appealed, was indicted and convicted in the Criminal Court of Maury County for permitting stock to run at large in said County in violation of the provisions of Chapter 891, Private Acts of 1921. He was fined $5 for the offense. After his motion for new trial was overruled, he has appealed and assigned errors which present but two questions, first, the constitutionality of Chapter 891 of the Private Acts of 1921, and second, the

sufficiency of the indictment under which the conviction was had.

The validity of the Act is assailed on the ground that it violates Article II, section 17, of the Constitution in that it embraces more than one subject. It is insisted "that it treats in its caption of two different things; one, prohibiting live stock from running at large, and another, creating liens on stock trespassing and providing a method to enforce such lien, and section 1 of the Act, as heretofore indicated, provides that it must be the owner and keeper that lets stock run at large."

The form and subject matter of Chapter 891, Private Acts of 1921, the Stock Law for Maury County, have been copied from stock laws passed for other counties and upheld in many cases by this Court. This identical question was raised and decided adversely to defendant's contention in the case of *Peterson* v. *State*, 104 Tenn., 127, 56 S. W., 834, 835. The Act in that case, which by a classification was made to apply to Davidson County, provided, as does the Act before us, first, a criminal offense for permitting stock to run at large, and second, a lien upon the cattle for any damages done while so running at large. It was there insisted that the Act was invalid because of the two independent subjects of legislation which it embraced, but this Court, upholding the validity of the Act, said with reference to this contention:

"The caption of this act, already set out, clearly indicates the will of the legislature to correct this growing evil in counties to which it [by its terms] applies. In terms, it is a repressive statute. Its evident purpose is to give protection to the owners of cultivated lands. To accomplish this it was not sufficient after declaring in the first section that in such counties it shall be unlawful in the owner to permit his cattle to run at large, and in the

fourth section to make a violation of this act a misdemeanor punishable by a fine of from $5 to $15. To give the statute full force and effect, it was necessary to make provision for those for whose protection it was enacted. This was done in the second and third sections. These sections, in substance, provide that the owner who permits his stock to run at large shall be liable for all damage done by them to the property of other persons, and gives a lien, enforceable by attachment, to the party injured, upon the cattle doing the injury.''

Since the decision of the *Peterson Case, supra,* in 1899, Acts identical in form and substance with the one for Maury County before us here, have been repeatedly approved by this Court. See *Thomas* v. *State,* 136 Tenn., 47, 188 S. W., 617; *Murphy* v. *State,* 114 Tenn., 531, 86 S. W., 711; *Hall* v. *State,* 124 Tenn., 235, 137 S. W., 500; *Sullivan* v. *State,* 136 Tenn., 194, 188 S. W., 1153.

After due consideration under the foregoing authorities, we think the Act is valid and the assignments of error asserting its invalidity are overruled.

We next consider the sufficiency of the indictment, first assailed in a written motion to quash, which has been incorporated in the record after suggestion of diminution.

It is insisted that the indictment is insufficient, (1) because there is no specific allegation that defendant was the ''owner or keeper'' of the ''mare and two mules,'' for whose running at large he was held responsible. The indictment charges that the defendant ''permitted'' live stock to run at large. The necessary inference must be that if he was in position to ''permit'' the live stock to run at large, he must have had the animals in his care, custody, or keeping, which is the only connection or relation to the animals required by the Act to make out the offense. The Act says ''owner or keeper'' so that no

property in the animals need be alleged or proved against the accused to convict him of an offense under the Act.

■ (2) The indictment is assailed because it is alleged that the animals ran at large "to the prejudice of the rights of N. B. Potts." It is true that the indictment charges that the defendant permitted the stock to run at large to the prejudice of the rights of N. B. Potts, but this averment is mere surplusage since if it be deleted, a complete offense will still be charged as follows: "to the prejudice of the rights of the citizens of the aforesaid county and state, (to the prejudice of the rights of N. B. Potts) in violation of Chapter 891, of the Private Acts of the General Assembly for 1921."

■ Finally, the indictment is attacked on the ground that it fails to describe specifically the animals which defendant permitted to run at large. The indictment alleges defendant permitted "mules, horses, cows and hogs" to run at large. He was convicted on evidence of having permitted a mare and two mules to run at large. We think, therefore, the evidence sufficiently conforms with the allegations in the indictment.

■ ■ Certainly the indictment gave defendant abundant notice of the offense of which he was charged, and in misdemeanors especially, this is all that the law in Tennessee requires:

■ "The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him.

"On the other hand, it is generally not necessary, and can serve no purpose but to facilitate the escape of offenders, to amplify and encumber the charge by circumstantial detail and minute description. *Hall* v. *State*, 3

Cold. (43 Tenn.), 125; *Bradford* v. *State,* 3 Humph. (22 Tenn.), 370.'' *Jordan* v. *State of Tennessee,* 156 Tenn., 509, 514, 3 S. W. (2d), 159, 160.

There is some argument that error was committed by the Trial Judge in the admission of evidence and in certain portions of his charge to the jury. No assignments are made on these points which conform with our rules. It is sufficient, therefore, to say that we have reviewed the circumstances of the admission on the evidence to which objection is made, and find the purpose of its admission was clearly, and we think properly limited by timely admonition to the jury by the Judge, and a careful reading of the entire charge of the Court discloses no error prejudicial to the rights of the defendant here.

All assignments of error are accordingly overruled and the judgment is affirmed.