IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1996 SESSION



**FILED**

**July 23, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9509-CR-00317 |
| | ) | |
| Appellee | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | HON. WALTER C. KURTZ, JUDGE |
| | ) | |
| WILLIAM HENRY BARNEY | ) | (Rape of a Child, Aggravated |
| | ) | Sexual Battery, and Sentencing) |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Karl Dean
District Public Defender
1202 Stahlman Building
Nashville, Tennessee 37201

Jeffrey A. DeVasher
Assistant Public Defender
1202 Stahlman Building
Nashville, Tennessee 37201

Joan A. Lawson
Assistant Public Defender
1202 Stahlman Building
Nashville, Tennessee 37201

Jerrilyn Manning
Assistant Public Defender
1202 Stahlman Building
Nashville, Tennessee 37201

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Sarah M. Branch
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Victor S. Johnson, III
District Attorney General
Washington Square
222 2nd Avenue, North, Ste 500
Nashville, Tennessee 37201

William R. Reed
Assistant District Attorney General
Washington Square
222 2nd Avenue, North, Ste 500
Nashville, Tennessee 37201

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

<u>Opinion</u>

The Appellant, William H. Barney, appeals as of right his convictions and sentences for aggravated sexual battery and rape of a child. He argues on appeal that:

(1)    His indictment insufficiently alleged the elements of the offenses aggravated sexual battery and rape of a child.[1]

(2)    His constitutional due process rights were violated when the trial court allowed separate convictions for aggravated sexual battery to stand when the unlawful sexual contacts were essentially incidental to rape of a child.

(3)    The trial court erred in imposing excessive sentences.

(4)    The trial court erred in imposing consecutive sentences.

Following a careful review of the record on appeal, we conclude that no reversible error appears with respect to the Appellant's convictions and sentences.

<u>Factual Background</u>

In July 1992, the Appellant moved in with the B[2] family to take care of the three B boys while their father worked nights and evenings. The Appellant, at the time a forty-seven-year old man, took a special interest in ten-year old K. The Appellant spent a lot of time with K, watching television, taking him to Opryland, and going to the movies. In November, that same year, the Appellant left the B family and moved away from Tennessee and K's father hired a live-in nanny to care for K and his other sons.

In May of 1993, the Appellant unexpectedly returned to the B residence. He asked the nanny if he could come in and visit K. When the nanny asked K if he wanted to see the Appellant, K became upset and refused to see him. The nanny asked K why he was upset, and in response, K told her that the Appellant had molested him.

---

[1]The Appellant filed his brief in this case on November 21, 1995. On August 7, 1996, the Appellant filed supplemental authority pursuant to Tennessee Rules of Appellate Procedure 27(d) and 36(a) alleging that the indictment was insufficient.

[2]It is this Court's policy to refer to child sex victims and their families by initials only.

According to K's testimony at trial, during the period from July to November, 1992, on at least five specific occasions, the Appellant entered K's bedroom after K had gone to bed. In the bedroom, the Appellant first pulled down K's pajama pants, then rubbed K's penis with his hand, and finally fellated him. K also specifically remembers at least four occasions when the Appellant anally penetrated him and at least two other occasions when the Appellant performed anilingus on him.

After K told the Nanny that he had been molested by the Appellant, she called K's father, who asked her to immediately call the police. When the police arrived, the Appellant was still at the B residence. The police officers asked K to tell them what had happened with regard to the Appellant, and after taking a statement from K, the police arrested the Appellant. In police custody, the Appellant admitted to the penis rubbing, the fellatio, and one attempted incident of anal sex.

Based on the foregoing evidence, the Appellant was found guilty by a jury of his peers of eleven counts of rape of a child and seven counts of aggravated sexual battery. He was sentenced to seventeen and one-half years for each count of rape of a child and ten years for each count of aggravated sexual battery. The trial court ordered the eleven counts of rape of a child partially concurrent and partially consecutive to one another for a total sentence of seventy years. The trial court ordered the aggravated sexual battery counts concurrent to one another, but consecutive to the rape of a child sentences. The Appellant received an aggregate sentence of eighty years imprisonment.

## I. The Indictment

The Appellant first argues that his indictment did not allege the mens rea of the offenses aggravated sexual battery and rape of a child. This issue is without merit.

The Appellant, in making this argument, relies upon this Court's holding in State v. Roger Dale Hill, Sr., C.C.A. No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996) perm. to app. granted (Tenn., Jan. 6, 1997). In Hill, a panel of this Court found an indictment, which alleged that the defendant "unlawfully sexually

3

penetrated" his less than thirteen-year old victim, fatally defective because it did not explicitly allege that the defendant sexually penetrated the victim intentionally, knowingly, or recklessly. Here, the Appellant argues that his indictments for rape of a child and aggravated sexual battery are fatally defective because they do not explicitly state the requisite mens rea of the offenses; namely that they were committed intentionally, knowingly, or recklessly.

To protect individual's due process rights, the United States and Tennessee constitutions guarantee that all criminally accused shall be informed of "the nature and cause of [any] accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. The Tennessee Legislature, to supplement and clarify the constitutional provisions, has provided that an indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended." Tenn. Code Ann. § 40-13-202 (1990). To survive constitutional scrutiny, an indictment (1) must notify the defendant of the specific charges, (2) it must enable the trial court upon conviction to enter an appropriate judgment and sentence, and (3) it must protect the defendant against double jeopardy. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996).

To satisfy the notice requirement, as enumerated in Trusty, "[t]he indictment must contain factual allegations relating to every essential element of the offense. Id. (citing State v. Morgan, 598 S.2.d 796, 797 (Tenn. Crim. App. 1979)) (emphasis added); see State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993). The factual allegations must also relate to the element of scienter. Marshall, 870 S.W.2d at 537. In providing the factual allegations, it is not necessary that the indictment trace the language of the statute. Indeed, the indictment will be sufficient if the elements of the offenses "are necessarily implied from the [factual] allegations made." Id. at 538 (citing Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932)).

4

This Court, in Marshall, also stated that "reference to a criminal statute should not suffice in terms of replacing the necessary factual allegations." In making that statement, this Court relied upon McCracken v. State, 489 S.W.2d 48 (Tenn. Crim. App. 1972) and Cole v. State, 512 S.W.2d 598 (Tenn. Crim. App. 1974). Upon a close reading, however, McCracken and Cole only stand for the proposition that when a factually sufficient indictment, by clerical error, quotes a different code provision than what was intended, the trial court may treat the reference to the statute as surplusage. Cole, 512 S.W.2d at 601-02; McCracken, 489 S.W.2d at 51.

Here, the Appellant was indicted for seven counts of aggravated sexual battery and fourteen counts of rape of a child pursuant to Tennessee Code Annotated, sections 39-13-504 and 39-13-522. With respect to the seven counts of aggravated sexual battery, all seven indictments stated:

> THE GRAND JURORS of Davidson County, Tennessee, duly impanelled and sworn, upon their oath, present that:
> WILLIAM HENRY BARNEY
> on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did engage in unlawful sexual contact with [K.B., the victim], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-522, and against the peace and dignity of the State of Tennessee.

The indictment traced the definition of aggravated sexual battery as it is provided in the Tennessee Code. See Tenn. Code Ann. § 39-13-522. That definition, and thus also the indictment, does not explicitly state the crime's requisite mens rea. The Code, however, provides the mens rea in its definition of "sexual contact." See Tenn. Code Ann. § 39-13-501(6) (1991). It provides that sexual contact is the

> [I]ntentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6) (emphasis added). The crime of aggravated sexual battery, as stated in the indictments, therefore, by implication, provide the requisite element of that crime; namely, that it has to be intentional. See State v. John James,

5

C.C.A. No. 01C01-9601-CR-00016 (Tenn. Crim. App., Nashville, Mar. 27, 1997); State v. Larry Steve Wilson, C.C.A. No. 03C01-9511-CC-00355 (Tenn. Crim. App., Knoxville, Mar. 27, 1997); State v. Milton S. Jones, C.C.A. No. 02C01-9503-CR-00061(Tenn. Crim. App., Jackson, Mar. 7, 1997); State v. Burrell, C.C.A. No. 03C01-9404-CR-00157 (Tenn. Crim. App., Knoxville, Feb. 11, 1997).

Moreover, as a general rule, it is sufficient if the indictment states the offense charged in the words of the statute, or with words which are the equivalent to the words contained in the statute. State v. Phillip Ray Griffis and Melissa Faith Rogers, C.A.A. No. 01C01-9506-CC-00201 (Tenn. Crim. App., Nashville, Apr. 30, 1997) (citing Coke v. State, 345 S.W.2d 673, 674 (Tenn. 1961); State v. Overton, 245 S.W.2d 188, 189 (Tenn. 1951); Stanfield v. State, 181 S.W.2d 617, 618 (Tenn. 1944); Jordan v. State, 3 S.W.2d 159, 160 (Tenn. 1928); State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995)).

The Appellant was also indicted for fourteen counts of rape of a child. Indictments one through seven provided:

> THE GRAND JURORS of Davidson County, Tennessee, duly impanelled and sworn, upon their oath, present that:
> WILLIAM HENRY BARNEY
> on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did engage in unlawful sexual penetration of [K.B., the victim], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-522, and against the peace and dignity of the State of Tennessee.

The indictments for counts eight through fourteen provided:

> THE GRAND JURORS of Davidson County, Tennessee, duly impanelled and sworn, upon their oath, present that:
> WILLIAM HENRY BARNEY
> on a day between July 1, 1992, and November 30, 1992, in Davidson County, Tennessee and before the finding of this indictment, did cause [K.B., the victim], a child less than thirteen (13) years of age, to engage in unlawful sexual penetration of William Henry Barney, in violation of Tennessee Code Annotated § 39-13-522, and against the peace and dignity of the State of Tennessee.

Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of

6

any object into the genital or anal openings of the victim's, the defendant's, or any other person's body . . . ." Tenn. Code Ann. § 39-13-501(7) (1991). We recognize that this definition does not explicitly provide a requisite mens rea for sexual penetration. See Milton S. Jones, C.C.A. No. 02C01-9503-CR-00061. However, according to the indictments' language, it is alleged that the Appellant engaged in sexual penetration, as previously defined, with the victim, a child less than thirteen (13) years of age, and that the Appellant did cause the victim to sexually penetrate him. Upon only a cursory reading of the indictment, any person of normal intelligence would realize that the only sound implication of the factual allegations is that these acts were at least reckless, if not knowing or intentional. We conclude that the necessary mens rea is implicitly included in the charging instrument, and therefore the indictments are sufficient. To the extent that Hill held otherwise, a majority of this panel respectfully disagrees.

### II. The Due Process Claim

The Appellant contends that his constitutional due process rights were violated when the trial court allowed separate convictions for aggravated sexual battery to stand when the unlawful sexual contacts were essentially incidental to rape of a child. This issue is without merit.

The Appellant was convicted of five counts of aggravated sexual battery for rubbing K's penis with his hand before performing fellatio. The Appellant now claims that the rubbing of K's penis was essentially incidental to the fellatio, and that, therefore, the aggravated sexual battery convictions cannot stand separate from the rape of a child convictions.

The test formulated to resolve whether such convictions violate due process was established in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). In Anthony, our Supreme Court stated that the question to be posed is whether a crime is "essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for [that crime], or whether [the crime] is significant enough, in and

of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction." Id. at 306 (emphasis added).

Our Supreme Court further stated that this question could be resolved by inquiring into whether the incidental crime "'substantially increased [the] risk of harm over and above that necessarily present in the [principal crime] itself.'" Id. (quoting State v. Rollins, 605 S.W.2d 828, 830 (Tenn. Crim. App. 1980)). However, our Supreme Court never suggested that the risk of harm factor was a necessary element of the Anthony essentially incidental test.

Here, the Appellant's rubbing of K's penis was not essentially incidental to the fellatio. There is no evidence that indicates that the Appellant touched K's penis with the sole purpose of facilitating the fellatio. Instead, the evidence indicates that the Appellant first rubbed K's penis and then performed the fellatio. The unlawful sexual contact was a separate and independent act from the fellatio, significant enough to warrant independent prosecution.

The Appellant's proposition also conflicts with this Court's previous decisions in similar cases. State v. Peacock, 638 S.W.2d 837 (Tenn. Crim. App. 1982) (upholding two counts of aggravated rape when the appellant first forced his victim to perform fellatio and then had sexual intercourse with her); State v. Anderson, C.C.A. No. 22 (Tenn. Crim. App., Knoxville, Nov. 9, 1990) (upholding two counts of aggravated rape when the appellant first penetrated his victim's vagina with his finger to dilate it and then penetrated it with his penis); State v. Phillips, C.C.A. No. 02C01-9307-CC-00160 (Tenn. Crim. App., Jackson, Oct. 26, 1994) (upholding three rape convictions when the appellant penetrated his victim's vagina with a plastic object, performed cunnilingus, and then had sexual intercourse with her).

Appellant's reliance on State v. Bost, C.C.A. No. 01C01-9112-CR-00373 (Tenn. Crim. App. Nashville, Sept. 3, 1992), is misplaced. In Bost, this Court reversed an aggravated sexual battery conviction resulting from the appellant fondling his victim's breasts when he raped her by sexual intercourse. We reversed that

8

conviction because "[t]he fondling occurred concomitantly with the vaginal rape, and the evidence here shows it to have been part and parcel of that bestial act." Id.

Again, the Appellant's rubbing of K's penis was a separate and independent act from the fellatio. There is no evidence that indicates that the Appellant only touched K's penis while performing the fellatio. This issue is without merit.

### III. Sentencing

### a. The Excessive Sentencing Claim

The Appellant argues that the trial court erred by imposing excessive sentences. This issue is without merit.

When an Appellant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Id. Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at Tennessee Code Annotated § 40-35-210, requires a sentencing court to consider the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [the e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (Supp. 1995).

The Act also provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as is appropriate for the mitigating factors. Id. § 40-35-210(c),(d),(e).

9

"The sentencing commission specifically did not designate any particular numeric value for the enhancement and mitigating factors . . . [because it would] remove the judicial discretion necessary to make individualized sentencing determinations." Id. Sentencing Commission Comments; see State v. Shropshire, 874 S.W.2d 634, 642 (Tenn. Crim. App. 1993). The weight afforded to any enhancing or mitigating factor is within the trial judge's sole discretion as long as it does not violate the Sentencing Reform Act and is supported by the record. Shropshire, 874 S.W.2d at 642.

Here, the trial judge specifically applied the enhancement factor "abuse of public or private trust." Tenn. Code Ann. § 40-35-114(15) (Supp. 1995). The record reveals that the trial judge also considered the number of offenses committed, the period of time over which these offenses were committed, and that the Appellant posed a danger to other children due to his diagnosed pedophilia. The Appellant contends that the sentences were excessive because the trial court failed to apply three mitigating factors that would have reduced the sentences. These factors were: (1) that the Appellant's conduct neither caused nor threatened serious bodily injury; (2) that the Appellant was suffering from a mental or physical condition that significantly reduced his culpability for the offense; and (3) that the Appellant has no prior criminal record. See Tenn. Code Ann. § 40-35-113 (1990).

First, we concede that no serious bodily injury resulted from the Appellant's criminal conduct. However, considering the psychological trauma sustained by the victim in this case, the trial court was justified in failing to give much weight to this mitigating factor. See State v. Carpenter, C.C.A. No. 03C01-9108-CR-00268 (Tenn. Crim. App., Knoxville, Jan. 23, 1992). Second, the trial judge considered the Appellant's mental and physical condition, but came to the conclusion that it was not an appropriate mitigating factor. The trial judge found that even though the Appellant was diagnosed with pedophilia and an adjustment disorder, he had a functioning intellect and could distinguish between right and wrong and he simply chose "to act

10

on his impulses and gratify himself with a child." Finally, as to the Appellant's contention that the trial judge failed to consider that he did not have a prior criminal record under Tennessee Code Annotated § 40-35-113(13), the trial judge correctly did not consider this as a mitigating factor due to the Appellant's extensive criminal activity in this case. See State v. Scales, C.C.A. No. 01C01-9310-CR-00353 (Tenn. Crim. App., Nashville, July 28, 1994). We find no abuse of the trial court's discretion.

### b. The Consecutive Sentencing Claim

Finally, the Appellant contends that the trial court erred in imposing partial consecutive sentences. This issue is without merit.

A defendant convicted of more than one criminal offense may be given consecutive sentences if the trial court finds by a preponderance of the evidence that:

> The defendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the victim . . ., the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim . . . .

Tenn. Code Ann. § 40-35-115(b)(5) (1990). Moreover, a consecutive sentence is appropriate if the trial court finds that it is necessary to protect the public from further criminal conduct from the defendant. Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976); see also State v. Taylor, 739 S.W.2d 227 (Tenn. 1987) (adding the child sex offender element to the Gray formula).

Here, the Appellant was convicted of eighteen statutory offenses involving the sexual abuse of a minor. The Appellant, when Mr. B was at work, was placed in a position of trust as to young K and took advantage of the child's vulnerability. The Appellant sexually abused K two to three times a week for approximately five months. The Appellant masturbated, fellated, sodomized, and performed anilingus on K. As a result of these heinous crimes, K has been in therapy for over two years with a social worker and is about to enroll in therapy with a psychiatrist to help him cope with trust and regular heterosexual relationships. Moreover, Dr. Royeka Farooque testified at

11

the sentencing hearing that the Appellant is dangerous to children because he suffers from pedophilia, and because of this syndrome he is attracted to children for sexual gratification. We find no error with regard to the consecutive sentences imposed by the trial court.

Accordingly, all the Appellant's convictions and sentences are affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR BY:


(See separate dissenting opinion)
JOHN H. PEAY, JUDGE


(See Separate Concurring Opinion)
DAVID G. HAYES, JUDGE