IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

November 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9604-CR-00121 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Arthur T. Bennett, Judge |
| | ) | |
| | ) | (Rape) |
| ANTONIO KENDRICK, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Mark A. Mesler
Attorney at Law
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
(Appeal Only)

A C Wharton, Jr.
Shelby County Public Defender
201 Poplar Avenue, Suite 2-01
Memphis, TN 38103
(Trial Only)

Teresa Jones
Assistant Public Defender
201 Poplar Avenue, Suite 2-01
Memphis, TN 38103
(Trial Only)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

David B. Shapiro
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Antonio Kendrick (defendant), was convicted of rape, a Class B felony, by a jury of his peers. The trial court found that the defendant was a standard offender and imposed a Range I sentence consisting of confinement for ten (10) years in the Department of Correction. The defendant presents five issues for review. He contends the evidence contained in the record is insufficient to support his conviction. He also contends the trial court committed error of prejudicial dimensions by (a) denying his motion to prevent the State of Tennessee from using a prior theft conviction to impeach him because the state failed to file a timely notice, (b) refusing to include his special request embodying the law of resistance in the charge given the jury, and (c) imposing an excessive sentence. He further contends the indictment returned against him is void because it does not allege the mens rea required to commit the offense of rape. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

Robin Shaw, the victim, and the defendant were members of the LeMoyne-Owen College track team. The team participated in a track meet in Birmingham, Alabama, the weekend the incident occurred. The bus transporting the team arrived on the LeMoyne-Owen campus during the early morning hours of September 20, 1992. The bus stopped at the women's dormitory. The second stop was at the men's dormitory. The defendant exited the bus at this stop. The third and final stop was at the gymnasium. The victim, who did not live on campus, exited at the gymnasium.

The victim went inside the athletic office to call a relative to come get her. There were several track team members waiting to use the telephone. The defendant entered the office while the victim was waiting to use the telephone. The defendant told the victim he would take her home. She accepted the offer. They then walked to the defendant's dormitory room so he could call a friend to obtain a vehicle to take the victim home. He told the victim his friend agreed to let him use the friend's motor vehicle to take her home, and the friend would come to the dormitory in a few minutes.

While the victim was waiting to go home, the defendant approached the victim and began kissing her on the neck. She pushed the defendant away and told him to quit. The defendant persisted and the victim continually resisted the defendant's advances. Finally, the defendant pushed the victim and she fell on the bed. The defendant held the victim with one hand while he removed her clothing with his other hand. He told the victim he simply wanted to "play" with her. He rubbed her vaginal area and digitally penetrated her. He subsequently vaginally penetrated the victim with his sexual organ. The victim continued to resist the defendant's actions.

The victim told the defendant she wanted to leave. She attempted to call her cousin. Before the victim could say a word, the defendant took the telephone receiver from her and placed it on the telephone. The defendant refused to allow the victim to leave the room. He vaginally penetrated the victim a second time while she resisted the defendant's conduct. Eventually, the defendant opened the door and let the victim leave the dormitory.

The defendant presented three witnesses in support of his defense. This testimony was rebutted by the state. One defense witness, Kevin Cochran, testified a second defense witness, Kevin Harris, was not at the dormitory as Harris testified. It is obvious the jury did not believe the defense witnesses.

I.

The defendant contends the evidence contained in the record will not support a finding by a rational trier of fact that he was guilty of rape beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). He predicates his argument upon the credibility of the victim. He says the victim's testimony "was shown to be incredible by both Defense and State witnesses." He points to the fact the state did not introduce any physical evidence to corroborate the victim's testimony.

It is a well-established rule of law that questions concerning the credibility of the witnesses, the weight and value to be given the testimony of the witnesses, as well as all factual conflicts in the testimony of the witnesses are resolved by the trier of fact, not this

3

court. State v.Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). As the supreme court said in State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973): "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." In other words, this court cannot redetermine the credibility of the witnesses. The credibility and believability of the witnesses were determined by the jury. The state was not required to present physical evidence, if any existed, to corroborate the testimony of the victim.

Moreover, the State of Tennessee was not required to present physical evidence as a prerequisite to a conviction. The testimony of the victim, standing alone, is sufficient to support a conviction of rape.

This issue is without merit.


## II.


The first day of trial the assistant district attorney general filed a notice the state intended to use a prior theft conviction to impeach the defendant if he opted to testify in support of his defense. The next day defense counsel brought the late filing of the notice to the attention of the trial court. Defense counsel advised the court, "if Mr. Kendrick takes the stand I am going to have an objection to the State being able to question him." The assistant district attorney general claimed the defendant had not been prejudiced. Defense counsel candidly admitted she knew of the theft conviction.

Defense counsel acknowledged she had been furnished with this conviction during discovery. This was at least a year prior to the commencement of the trial. This information was contained in her file. However, defense counsel argued the technical failure of the state to timely file the notice should nevertheless bar the state from using the conviction to impeach the defendant. The assistant district attorney general advised the court if defense counsel wanted a continuance, he would not oppose it. The trial court, stating the defendant had not been prejudiced by the state's failure to timely file the motion, ruled the state could use the theft conviction to impeach the defendant if he testified in support of his defense.

4

Rule 609(a)(3), Tennessee Rules of Evidence, provides the "State must give the accused reasonable written notice of the impeaching conviction before trial." However, a technical violation of this rule does not equate to reversible error. State v. Barnard, 899 S.W.2d 617, 622 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). In Barnard the assistant district attorney general included in his response to the defendant's motion for discovery the defendant's complete criminal record. However, the assistant district attorney general did not provide the defendant with written notice as mandated by Tenn. R. Evid. 609(a)(3). Since the defendant was not prejudiced by the failure to give notice, this court ruled the failure to provide the requisite notice constituted harmless error. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(b). Similar results were reached in State v. Catherine Susan (Suzanne) Smith and William C. Hindman, Hamilton County No. 03-C-01-9106-CR-00174, 1991 WL 233247 (Tenn. Crim. App., Knoxville, November 13, 1991), per. app. denied (Tenn. 1992)(notice received on date of trial held harmless error since defense counsel had prior notice of the defendant's prior convictions); State v. Burl Lakins, Claiborne County No. 32 ,1991 WL 84947 (Tenn. Crim. App., Knoxville, May 24, 1991), per. app. denied (Tenn. 1991)(notice received on eve of trial held harmless error since defense counsel had prior notice of the defendant's convictions).

This issue is without merit.

**III.**

The defendant submitted a special request for a jury instruction which embodied the law pertaining to the "resistance" a victim must exert to avoid being raped. The trial court refused to include this instruction in the charge he gave to the jury. The court opined the charge he would give was sufficient to encompass the special request. The special request submitted by the defendant is as follows:

> The alleged victim need not have resisted to the utmost, nor is it required that she have reasonably feared death, or that she suffered physical injury. She need only make such resistance to the force, if any, of the defendant as seems reasonable to offer under the circumstances. The amount of resistance required by her depends upon the surrounding circumstances, such as the relative strength of the parties, the age and

condition of the female, the uselessness of resistance, and the
degree of force, if any, manifested by the defendant.

The trial court charged the jury on the offense of rape. In substance the court told the jury in order to find the defendant guilty, the jury must determine (a) the defendant had unlawfully sexually penetrated the victim; (b) the defendant accomplished the sexual penetration by using force or coercion, and (c) the defendant committed the act intentionally, knowingly, or recklessly. The terms "force" and "coercion" were defined in the charge. The term "force" was defined as "compulsion by the use of physical power or violence." The term "coercion" was defined as the "threat of kidnapping, extortion, force or violence to be performed immediately or in the future. . . ."

Resistance is not an element of the offense. All that is required is either force or coercion. In this case, the defendant attempted to overcome this requirement by establishing the sexual penetration was consensual. However, the defendant did not present any direct evidence to refute this requirement. The evidence presented was at best circumstantial. Of course, the victim testified the defendant did use force to sexually penetrate her.

The failure to include this special request in the charge given to the jury was harmless error. Tenn. R. App. P. 36(b). The language contained in the special request is more favorable to the state than the defendant. It tends to relax or reduce the nature and extent of the resistance the victim would have to exercise to prevent the defendant from raping her. Moreover, the defendant has not cited a case in his brief which requires the trial court to give the instruction on its own motion or at the request of a party to the prosecution. This court also notes the state has also failed to cite a case which addresses the necessity of including an instruction in the charge which embraces the language contained in the special request.

This issue is without merit.

**IV.**

The defendant contends the trial court committed error of prejudicial dimensions by failing to impose the presumptive minimum sentence for rape. In the alternative, the

defendant seeks a new sentencing hearing because the trial court failed to consider the relevant data mandated by the Tennessee Sentencing Reform Act of 1989.

The statement of the trial court was extremely brief. The court said: "All right. The Court has considered this matter and the enhancement recommendations. The Court will set the punishment at 10 years as charged for rape. You may prepare the judgment sheets."

When the defendant challenges the length of the sentence imposed by the trial court, it is the duty of this court to conduct a de novo review on the record with a presumption that the "determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the record does not establish the trial court considered "the sentencing principles and all relevant facts and circumstances," the appellate court reviews the sentencing issues de novo without a presumption that the determinations made by the trial court are correct. Id. Since the record is silent in this case, this court will review this issue de novo without a presumption of correctness.

There are two enhancement factors supported by the record. First, the record establishes the defendant has prior convictions for theft and patronizing prostitution. Tenn. Code Ann. § 40-35-114(1). Second, this offense was committed to gratify the defendant's pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). The defendant began by kissing the victim on the neck. He then pushed her onto the bed and removed her clothing. He told her he wanted to "play" with her. He caressed the vaginal area of her body and digitally penetrated her. He then penetrated her vagina with his sexual organ until he reached a climax. Later, he sexually penetrated the victim's vagina with his sexual organ a second time. He continued to penetrate her until he reached a climax. The defendant then went to sleep after he satisfied himself.

There are no mitigating factors supported by the record. In fact, the defendant showed his arrogance and lack of remorse by blowing a kiss to the victim in the courtroom.

The trial court did not abuse its discretion by imposing a sentence of ten years.

7

Given the two enhancement factors, the sentence imposed is fair and fits the offense committed by the defendant.

This issue is without merit.

**V.**

The defendant contends the indictment returned against him is void because it does not allege the <u>mens</u> <u>rea</u> necessary to commit the crime of rape. He predicates his argument on this court's decision in <u>State v. Roger Dale Hill Sr.</u>, Wayne County No. 01-C-01-9508-CC-00267, 1996 WL 346941 (Tenn. Crim. App., Nashville, June 20, 1996), <u>per. app.</u> <u>granted</u> (January 6, 1997). The issue raised in <u>Hill</u> was argued before the Tennessee Supreme Court during the month of April. However, no opinion has been forthcoming.

The indictment in this case alleges in part that the defendant "on September 20, 1992, in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and coercively, sexually penetrate Robin Shaw, in violation of T.C.A. 39-13-503, against the peace and dignity of the State of Tennessee." The indictment tracks the language of the statute proscribing the offense of rape. Tennessee Code Annotated § 39-13-503(a) states in part: "Rape is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: (1) Force or coercion is used to accomplish the act. . . ." The term "coercion" as used in the statute is defined as a "threat of kidnapping, extortion, force or violence to be performed immediately or in the future. . . ." Tenn. Code Ann. § 39-13-501(1). The dictionary definition of the term "coerce" is "to restrain or dominate by force," "to compel to an act or choice," and "to enforce or bring about by force or threat." <u>Webster's Ninth New Collegiate Dictionary</u> (1984).

The Tennessee Constitution requires an indictment or presentment to state "the nature and cause of the accusation." Tenn. Const. Art. I, § 9. The statutes of this jurisdiction also govern the allegations which must be contained in an indictment. The applicable statute, Tenn. Code Ann. § 40-13-202, states:

The indictment must state the facts constituting the offense in

8

> ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

The supreme court has said the constitution and statute require an indictment or presentment to "contain a complete description of such facts and circumstances as will constitute the crime." Tipton v. State, 160 Tenn. 664, 670, 28 S.W.2d 635, 636 (1930) (citations omitted).

While the description of the offense contained in an indictment or presentment "must be sufficient in distinctness, certainty and precision to enable the accused to know what offense he is charged with and to understand the special nature of the charge he is called upon to answer," Church v. State, 206 Tenn. 336, 358, 333 S.W.2d 799, 809 (1960), it is not necessary to "amplify and encumber the charge by circumstantial detail and minute description." Jordan v. State, 156 Tenn. 509, 514, 3 S.W.2d 159, 160 (1928) (citations omitted). As a general rule, it is sufficient to state the offense charged in the words of the statute, State v. Overton, 193 Tenn. 171, 174, 245 S.W.2d 188, 189 (1951); Stanfield v. State, 181 Tenn. 428, 432, 181 S.W.2d 617, 618 (1944); Jordan, 156 Tenn. at 514, 3 S.W.2d at 160; State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995), or words which are the equivalent to the words contained in the statute. Coke v. State, 208 Tenn. 248, 250-51, 345 S.W.2d 673, 674 (1961); Starks v. State, 66 Tenn. 64, 66 (1872). See Tate, 912 S.W.2d at 789.

A court must consider several factors when determining the sufficiency of an indictment or presentment. As this court said in State v. Tate:

> [The court] must consider whether (a) the charging instrument contains the elements of the offense which is intended to be charged; (b) the charging instrument sufficiently apprises the accused of the offense he is called upon to defend; (c) the trial court knows to what offense it must apply the judgment; and (d) the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a subsequent prosecution for the same offense.

912 S.W.2d at 789.

9

The Tennessee Criminal Sentencing Reform Act of 1989 does not require that an indictment allege the <u>mens</u> <u>rea</u> or culpable mental state. <u>See</u> Tenn. Code Ann. §§ 39-11-301 and -302. However, the State of Tennessee is required to prove the requisite culpable mental state contained in the applicable statutes beyond a reasonable doubt. Consequently, the failure to allege a culpable mental state or <u>mens</u> <u>rea</u> does not invalidate an indictment which is otherwise valid.

In this case, the allegations contained in the indictment track the language of the applicable statute. Based on the decisions interpreting Article I, § 9 of the Tennessee Constitution and Tenn. Code Ann. § 40-13-202, the allegations contained in the indictment are sufficient and meet the criteria set forth in <u>Tate</u>.

The indictment contains the elements of the offense of rape. The indictment sufficiently apprises the defendant of the offense he was required to defend. The trial court clearly knew the precise offense to apply the judgment to the verdict of the jury. If indicted for a similar offense in the future, the defendant knows the precise extent he may plead a former conviction.

If an allegation of the culpable mental state was required, the use of the word "coercively" is sufficient to establish the defendant's conduct was knowing or intentional. As previously stated, the statute defines the word "coerce" as a "threat of kidnapping, extortion, force or violence to be performed immediately or in the future. . . ." Tenn. Code Ann. § 39-13-501(1). The dictionary definition of "coerce" is "to restrain or dominate by force," "to compel to an act or choice," and "to enforce or bring about by force or threat." <u>Webster's Ninth New Collegiate Dictionary</u> (1984). Such conduct cannot be committed unless it is intentional or knowing.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE

10

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOE G. RILEY, JUDGE